IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CROSS MARINE PROJECTS, INC.**  **Plaintiff,**  vs.  **MORTON SALT, INC.**  **Defendant.** | **ORDER GRANTING DEFENDANT'S MOTION FOR STAY UNDER RULE 62 AND FOR SANCTIONS AND ATTORNEY FEES**  Case No. 2:17-cv-1181  Judge Clark Waddoups |

Before the court is Defendant Morton Salt, Inc.'s Motion for Stay Under Rule 62 and for Sanctions and Attorney Fees (ECF No. 128). For the reasons stated herein, the court **GRANTS** Defendant's motion and orders Plaintiff to pay Defendant's attorney fees in bringing that motion.

## BACKGROUND

After a five day trial, on April 12, 2019, the jury awarded Plaintiff damages for additional work it performed for stromatolite mitigation and relocation and for increased costs it incurred as a result of delays caused by bad weather and Defendant's failure to obtain permits and leases. (ECF No. 104.) The court thereafter entered judgment in Plaintiff's favor on April 29, 2019. (ECF No. 110.) The entry of this judgment triggered the running of three deadlines: 1) Defendant's 28 day period to file a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure; 2) Defendant's 28 day period to renew its motion for judgment as a matter of law under Rule 50; and 3) Plaintiff's 30 day stay on executing its judgment under Rule 62. On May 13, 2019, fourteen days after judgment was entered, Plaintiff pursued execution of the judgment in the Third Judicial District Court in and for Tooele County, Utah, by filing an Abstract of Judgment. (ECF No. 128-2.) Thereafter, on May 30, 2019, Plaintiff recorded its

acquired Abstract of Judgment among the land records of Toole County, Utah.  (ECF No. 128-3.)  On June 10, 2019, Plaintiff filed an Application for Garnishment before this court (ECF No. 130), and the requested Writ of Garnishment was on the same date.  (ECF No. 131.)

## DISCUSSION

### A. Plaintiff violated the Rule 62 of the Federal Rules of Civil Procedure.

Rule 62 of the Federal Rules of Civil Procedure states that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  The exceptions provided in Rule 62(c) and (d) are inapplicable here, and the court has not ordered an alternate stay period.  As such, Plaintiff was clearly required to wait 30 days until it executed or attempted to enforce the judgment entered in this action.  It ignored, and violated, Rule 62 when it pursued the Abstract of Judgment in state court on May 13, 2019, just fourteen days into the 30 day stay.

Plaintiff argues that it did not violate Rule 62 because Utah law only required it to wait 14 days and because more than 30 days had passed since the jury entered its verdict.  These arguments are unavailing.  First, the judgment Plaintiff received is governed by federal, not Utah, law, so the fact that Utah law only requires a party to wait 14 days to execute a judgment is irrelevant.  Second, Rule 62 states that the 30 day stay begins to run when the judgment is entered, not when a verdict is returned.  Plaintiff's judgment was entered on April 29, 2019, so it was required to take no action to execute or enforce it until after May 29, 2019.  It violated that mandate, and as a result, the court orders that it pay the attorney fees Defendant has incurred in bringing its motion (ECF No. 128).  Moreover, because Plaintiff obtained its Abstract of Judgment in violation of Rule 62, it, and all filings and recordings on which it is based, must be withdrawn.

### B.    Plaintiff is stayed from pursuing execution of the judgment until Defendant's time to file post-trial motions has expired.

Plaintiff and Defendant have engaged in substantial post-trial motion practice, in which they dispute the parties' entitlement to attorney fees, costs, and even the theories on which the case was tried.  On May 20, 2019, in an effort to simplify these proceedings and avoid unnecessary motions, the court extended Defendant's timeline to file motions under Rules 50 and 59 until 28 days after it issued a ruling on those post-trial motions.  (ECF No. 120.)  Rule 62's stay is set at 30 days in order to cover the period during which a party may file post-trial motions under Rules 50 and 59.  *See* FED. R. CIV. P. 62 advisory committee's note to 2018 amendment (explaining that the 2018 amendments to the rule extended the stay to 30 days in order to cover the "gap between expiration of the automatic stay" and the time "for making motions under Rules 50, 52, and 59").

Because Defendant's time for filing its motions under Rules 50 and 59 was extended, the stay on proceedings to execute or enforce the judgment should also be stayed.  As such, Plaintiff may not take any action to execute, or initiate any proceedings to enforce, its judgment until 28 days after the court has issued a ruling on the parties' pending post-trial motions.  If Defendant timely files a motion under either Rule 50 or 59 during the 28 days after the court has ruled on the parties' pending post-trial motions, Plaintiff would be further stayed from taking an action to execute, or initiating a proceeding to enforce, its judgment until that the court disposes of that motion.

### CONCLUSION

For the reasons stated herein, Defendant Morton Salt, Inc.'s Motion for Stay Under Rule 62 and for Sanctions and Attorney Fees (ECF No. 128) is **HEREBY GRANTED**.  Plaintiff is **HEREBY ORDERED** to pay the attorney fees Defendant has incurred in bringing that motion.

Plaintiff is further **HEREBY ORDERED** to withdraw its filings in the Third Judicial District Court in and for Tooele County, Utah; to withdraw and/or release the documents it had recorded among the land records of Tooele County, Utah; and to withdraw and/or reverse any and all actions it has taken to execute or attempt to enforce the judgment entered in this action. The court **HEREBY RESCINDS** the Writ of Garnishment issued in this action (ECF No. 131). Finally, the court **HEREBY DENIES** Defendant's Motion to Expedite Briefing and Decision on Morton Salt's Motion for Stay Under Rule 62 and for Sanctions and Attorney Fees (ECF No. 129) as moot.

Dated this 20th day of June, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge