# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CROSS MARINE PROJECTS, INC.**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**MORTON SALT, INC.**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR COSTS AND PREJUDGMENT INTEREST AND DENYING PLAINTIFF'S AND DEFENDANT'S REQUESTS FOR ATTORNEY FEES**<br><br>Case No. 2:17-cv-1181<br><br>Judge Clark Waddoups |

Before the court are Plaintiff Cross Marine Project, Inc.'s Motion for Attorney Fees (ECF No. 108), Motion for Prejudgment Interest (ECF No. 111), and Amended Memorandum of Costs (ECF No. 127), as well as Defendant Morton Salt, Inc.'s Cross Motion for Attorney Fees (ECF No. 113). For the reasons stated herein, the court **GRANTS** Plaintiff's Motion for Prejudgment Interest and Amended Memorandum of Costs (ECF Nos. 111 & 127) and **DENIES** both parties' motions for attorney fees (ECF Nos. 108 & 113).

I.  **Neither party is entitled to attorney fees.**

  A.  **Plaintiff is not entitled to attorney fees under Utah Code § 13-8-5.**

It is well settled under Utah law that "attorney fees are awardable only if authorized by statute or by contract." *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988) (citations omitted). Plaintiff argues that it is entitled to an award of attorney fees under Utah Code § 13-8-5, which provides that the successful party in "any action for the collection of *retained proceeds* withheld and retained in violation of this section" is "entitled to attorney fees and other allowable costs." UTAH CODE § 13-8-5(10)(a) (emphasis added). Under that section, "retention proceeds,"

which the court recognizes are synonymous with "retained proceeds," are defined as "money earned by a contractor or subcontractor but retained by the owner or public agency pursuant to the terms of a construction contract to guarantee payment or performance by the contractor or subcontractor of the construction contract." UTAH CODE § 13-8-5(1)(i). The jury awarded Plaintiff damages for additional work it performed for stromatolite mitigation and relocation ($196,700.00) and for increased costs it incurred as a result of delays caused by bad weather ($38,160.00) and Defendant's failure to obtain permits and leases ($127,200.00). (ECF No. 104.) Because none of these awards was for "money earned by [Plaintiff] but retained by [Defendant] pursuant to the terms of a construction contract to guarantee payment or performance by [Plaintiff] of the construction contract," Utah Code § 13-8-5(10)(a) does not apply and cannot be used as a basis for Plaintiff's claim for attorney fees.

Plaintiff argues that this is too narrow a reading of § 13-8-5(10)(a), as Utah Code § 58-55-602 states that "[a]ll unpaid construction funds are payable to the contractor as provided in Section 13-8-5." This argument reaches too far. While § 58-55-602 may make the terms, procedures, and logistics set forth in § 13-8-5 applicable to all unpaid construction funds, it does not erase § 13-8-5(10)(a)'s express and narrow application to only actions "for the collection of retained proceeds." As discussed above, § 13-8-5 sets forth a specific definition of "retention proceeds," and that definition is part of, not excluded by, the incorporation of § 13-8-5 into § 58-55-602. The fact that § 58-55-602 makes § 13-8-5's provisions applicable to all construction funds has no effect on § 13-8-5(10)(a)'s expressly limited application to actions for retention proceeds. Because Plaintiff neither sought nor was awarded retention proceeds, § 13-8-5(10)(a) does not govern and does not provide a basis for Plaintiff to recover its attorney fees.

## B. Plaintiff is not entitled to attorney fees under Utah Code § 78B-5-826.

Plaintiff next argues that it is entitled to recover its attorney fees under Utah's reciprocal attorney fee statute, Utah Code § 78B-5-826. Under § 78B-5-826, a court "may award costs and attorney fees to either party that prevails in a civil action based upon any . . . written contract . . . when the provisions of the . . . written contract . . . allow at least one party to recover attorney fees." This "statutory trigger for fee shifting" is met "'when the provisions' of a contract would have entitled at least one party to recover its fees had the party prevailed 'in a civil action based upon' the contract." *Hooban v. Unicity Int'l, Inc.*, 2012 UT 40, ¶¶ 31–32, 285 P.3d 766, 772 (quoting UTAH CODE § 78B-5-826). Plaintiff argues that the parties' contract contained a provision which allowed Defendant to recover its attorney fees, so it should also be permitted to recover its fees. The provision of the parties' contract on which Plaintiff relies states, in relevant part, that Plaintiff:

> "agrees to indemnify, defend, and hold harmless [Defendant] from and against any and all liability, claim, loss, damage, action, suit, cost or expense (including attorneys' fees) for injuries or death to persons or damage to property . . . resulting from . . . (i) any act or omission of [Plaintiff] in connection with this Contract; (ii) [Plaintiff's] performance or failure to perform . . . under this Contract; (iii) any claims, costs, or expenses arising under any Worker's Compensation laws; or (iv) any breach of warranty, breach of contract, misrepresentation of false certification, or failure to exercise due care by [Plaintiff], regardless of any active or passive negligence by [Defendant]. Def. Ex. 244

This is an indemnification provision, and it is wholly irrelevant to the matters raised in this action—there are no allegations that this provision has been triggered, and there are no facts before the court to indicate that Defendant is entitled to, or has even requested, indemnification. Plaintiff, relying on a holding of the Utah Court of Appeals, argues that the fee shifting statute "does not require that the contract or its provisions actually be enforceable under the theory advanced in the lawsuit." *Hooban v. Unicity Int'l, Inc.*, 2009 UT App 287, ¶ 9, 220 P.3d 485,

488, *aff'd*, 2012 UT 40, ¶ 9, 285 P.3d 766.  Plaintiff relies on the first part of this holding—that a provision need not be enforceable to trigger fee shifting—while it ignores the second—that the provision must be part of "the theory advanced in the lawsuit."

This requirement that the contractual provision allowing for attorney fees actually be a "theory advanced in the lawsuit" is supported by the Utah Court of Appeal's recognition that § 78B-5-826 "does not create an independent right to a fee award that the contract's attorney fee provision would not allow to either party simply because the fee provision is one-sided." *PC Crane Serv., LLC v. McQueen Masonry, Inc.*, 2012 UT App 61, ¶ 23, 273 P.3d 396, 408.  The requirement was also reiterated and affirmed by the Utah Supreme Court.  In upholding the Utah Court of Appeals' ruling that a defendant was entitled to fees under the reciprocal attorney fees statute, it explained that "[u]nder [the plaintiff's] theory of the case [he] was a party to an enforceable, written contract with [the defendant].  The contract contained an attorney fees provision that allowed 'the prevailing party' to recover fees '[i]n the event of a dispute.'  Had [the plaintiff] prevailed, the contractual provisions would have entitled at least one party—[him]—to attorney fees, and the statutory trigger for fee shifting is therefore met." *Hooban v. Unicity Int'l, Inc.*, 2012 UT 40, ¶ 31, 285 P.3d 766, 772.  Here, the indemnity provision that allowed Defendant to recover its attorney fees was not a theory that Plaintiff advanced in its action.  Thus, even if Plaintiff had prevailed on each of its claims, the contractual provision would not have entitled it, or Defendant, to attorney fees.  The statutory trigger for fee shifting is therefore not met, and Plaintiff is not entitled to attorney fees under § 78B-5-826.

  **C. Defendant is not entitled to attorney fees.**

Defendant argues that if there is to be an award of attorney fees under the contract, it should go to it, not Plaintiff.  As discussed, the indemnity provision was the only term of the

contract that allowed for attorney fees, and it was neither triggered by, nor even tangentially relevant to, this action. The provision gives Defendant no more of a claim for attorney fees than it gave to Plaintiff. Defendant is not entitled to an award of attorney fees under the contract.

## II. Plaintiff is entitled recover its costs under 28 U.S.C. § 1920.

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs, other than attorney's fees, should generally "be allowed to the prevailing party." Indeed, the Tenth Circuit has recognized that "'Rule 54 creates a presumption that the district court will award costs to the prevailing party,'" and that a district court "'must provide a valid reason' for denying such costs. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (quoting *Cantrell v. Int'l Bhd. of Elec. Workers,* 69 F.3d 456, 458–59 (10th Cir. 1995) (en banc)).

Defendant, citing numerous cases from the Utah Supreme Court and Utah Court of Appeals, argues that Plaintiff is not the "prevailing party" in this action and is not therefore entitled to recover its costs. However, the question of whether Plaintiff is a "prevailing party" under Rule 54(d)(1) is one of federal law, and the court therefore looks the guidance of the Tenth Circuit, not the Utah courts, on this issue. The Tenth Circuit has recognized that "[a]s is apparent from the language of Rule 54(d)(1), 'the determination of who qualifies as a prevailing party is central to deciding whether costs are available.'" *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233–34 (10th Cir. 2001) (quoting Wright & Miller, *Federal Practice & Procedure* § 2667). "'Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[(1)].'" *Id.* Here, judgment was rendered in Plaintiff's favor. It is immaterial that the amount of that judgment was less than what Plaintiff had requested, as even a "nominal damages award [renders] a plaintiff a prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). It is also immaterial that Plaintiff only prevailed on a portion of the claims it

5

brought, as shifting costs is appropriate "if the prevailing party obtains judgment on even a fraction of the claims advanced. *Barber*, 254 F.3d at 1234 (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). Under Rule 54(d)(1), Plaintiff is the "prevailing party" and is therefore entitled to recover the costs in incurred in pursuing this action.

Plaintiff has identified, and seeks to recover pursuant to 28 U.S.C. § 1920(2) & (3), costs it incurred for witnesses, printing, and obtaining transcripts.[1] Such a request must be "given careful scrutiny," and Plaintiff is only entitled to recover its costs for obtaining transcripts that were "necessarily obtained for use in the case." *In re Williams*, 558 F.3d at 1147 (internal quotations and citations omitted). After carefully scrutinizing the support Plaintiff offers for its requests for "fees and disbursements for printing and witnesses" under 28 U.S.C. § 1920(3), the court finds that Plaintiff's requests (despite a minor error in the amount of $0.28) are reasonable and therefore taxes Defendant with paying for those costs in the amount of **$2,671.84**.

As to Plaintiff's request for its costs for obtaining transcripts, the court finds that the transcripts for which Plaintiff seeks recovery were "necessarily obtained for use in the case" and that the costs Plaintiff incurred in obtaining those transcripts are therefore taxed upon Defendant. However, Defendant is not required to pay for any interest that was added to the base price of such transcripts as a result of Plaintiff's failure to timely pay the same. Thus, Defendant is hereby is taxed with paying Plaintiff's "[f]ees for printed or electronically recorded transcripts" in the amount of **$5,207.10**.

### III. Plaintiff is entitled to prejudgment interest under Utah Code § 15-1-4.

Under Utah law, prejudgment interest may be recovered "'where the damage is complete,

---

[1] In its original Memorandum of Costs (ECF No. 115), Plaintiff also sought to recover its copying fees under 28 U.S.C. § 1920(4) but dropped that claim in its Amended Memorandum of Costs (ECF No. 127). Plaintiff's Amended Memorandum of Costs also changes the amounts it is seeking to recover for printing and for obtaining transcripts.

. . . the loss ha[s] been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages.'" *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 100, 372 P.3d 629, 666 (quoting *Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 2009 UT 7, ¶ 51, 210 P.3d 263 (internal quotations and citations omitted)). Defendant argues that Plaintiff is not entitled to prejudgment interest because the damages it received were not fixed until the jury actually returned its verdict. Utah courts have made it clear that "[t]he fact that [a party's] damages were ascertained at trial, however, does not mean that her damages were 'not already complete, fixed, and measurable.'" *See Beckman v. Cybertary Franchising LLC*, 2018 UT App 47, ¶ 61, 424 P.3d 1016, 1031 (quoting *Highlands at Jordanelle, LLC v. Wasatch County*, 2015 UT App 173, ¶ 28, 355 P.3d 1047).

Defendant next argues that prejudgment interest is improper here because the award Plaintiff received was the result of the jury exercising its discretion. While the Utah Supreme Court has ruled that prejudgment interest is inappropriate "where damage figures must be determined by the trier of fact in its exercise of discretion," it has also recognized that such situations generally arise "where the trier of fact is left to assess damages based on 'a mere description of the wrongs done or injuries inflicted,'" such as in "'cases of personal injury, wrongful death, defamation of character, and false imprisonment,'" not in cases where losses can be calculated "with mathematical accuracy." *See Encon Utah, LLC*, 2009 UT 7, ¶ 53, 210 P.3d at 273 (citations omitted). Rather, "[w]here damage figures are subject to calculation . . . even if the method of calculating is uncertain, or the damage figures change, prejudgment interest is appropriate." *Id.* Here, Plaintiff was awarded damages for additional work it performed for stromatolite mitigation and relocation ($196,700.00) and for increased costs it incurred as a result of delays caused by bad weather ($38,160.00) and Defendant's failure to obtain permits

7

and leases ($127,200.00). (ECF No. 104.) The jury had in the evidence before it Plaintiff's representation of the expenses it incurred in relocating stromatolites and an estimate of the costs it incurred as a result of delays. *See* Pl. Ex. 75. The jury had a basis for calculating the damages that it awarded, even if the method of that calculation was "uncertain," and was not therefore simply "left to its best judgment to ascertain damages." *Id.* at ¶ 65, 275. Its award was therefore based on "measurable facts and figures" and thus was not "determined by the trier of fact in its exercise of discretion." *Id.* at ¶ 53, 273. Plaintiff is not precluded from recovering prejudgment interest on that award.

Finally, Defendant argues that Plaintiff is not entitled to prejudgment interest because its recovery was equitable, and under Utah law "prejudgment interest on such a quantum meruit type of award 'would be improper.'" *James Constructors, Inc. v. Salt Lake City Corp.*, 888 P.2d 665, 672 (Utah Ct. App. 1994) (quoting *Parents Against Drunk Drivers v. Graystone Pines Homeowners' Assoc.*, 789 P.2d 52, 59 (Utah App.1990)). A review of Utah law, however, shows that courts find that such application is "improper" not strictly because an award is equitable in nature, but because "'in most equitable cases the damages are not readily calculable to a mathematical certainty.'" *Sundial Inc. v. Villages at Wolf Hollow Condo. Homeowner's Ass'n, Inc.*, 2013 UT App 223, ¶ 8, 310 P.3d 1233, 1235 (quoting *Kimball v. Kimball,* 2009 UT App 233, ¶ 41, 217 P.3d 733). Indeed, the Court of Appeals of Utah has specifically cautioned that "'rel[ying] on the nature of the claim' to determine whether prejudgment interest is allowed is inappropriate." *Id.* (quoting *Shoreline Dev., Inc. v. Utah Cnty.,* 835 P.2d 207, 211 (Utah Ct.App.1992)). Thus, even if Plaintiff's award was based on an equitable claim, it would not be precluded from obtaining prejudgment interest because, as discussed, its loss "can be calculated with mathematical accuracy in accordance with well-established rules of damages." *USA Power,*

*LLC*, 2016 UT 20, ¶ 100, 372 P.3d at 666 (quotations and citations omitted).

Although Plaintiff is entitled to prejudgment interest, it is not entitled to recover at the rate requested in its motion. Plaintiff argues that under Utah Code § 15-1-1, it should receive prejudgment interest at a rate of 10% per year. But the Utah Supreme Court has specifically recognized that § 15-1-1 only applies to contracts "'for the loan or forbearance of any money, goods, or chose in action.'" *USA Power, LLC*, 2016 UT 20, ¶ 109, 372 P.3d at 670 (quoting UTAH CODE § 15-1-1(2)). Where, as is the case here, the contract at issue is not "one of the contracts described in section 15–1–1, the interest rate provided therein does not apply. Instead, section 15–1–4 provides the appropriate interest rate: 'the federal postjudgment interest rate as of January 1 of each year, plus 2%.'" *Id.* (quoting UTAH CODE § 15-1-4(3)(a)).

Plaintiff sent Defendant its invoices for delay costs and stromatolite mitigation and relocation on August 17, 2015. (ECF Nos. 2-8 & 2-9; Def. Ex. 273 & 275.) Thus, prejudgment interest should run from that date, and under Utah Code § 15-1-4(3)(a), interest for the remainder of the year 2015 should be calculated at 2.25%; at 2.66% for the year 2016; at 2.85% for the year 2017; at 3.80% for the year 2018; and at 4.57% for the year 2019. When calculated, the total amount of prejudgment interest to which Plaintiff is entitled is **$43,989.39**.

IV. **Conclusion**

For the reasons stated herein, Plaintiff's Motion for Prejudgment Interest (ECF No. 111), and Amended Memorandum of Costs (ECF No. 127), are **HEREBY GRANTED**, and Plaintiff's Motion for Attorney Fees (ECF No. 108) and Defendant's Cross Motion for Attorney Fees (ECF No. 113) are **HEREBY DENIED**. Defendant is hereby **ORDERED** to pay to Plaintiff **$7,878.94** in costs and **$43,989.39** in prejudgment interest.

Dated this 28th day of June, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge